

FILED
**Sep 04, 2019**
**12:39 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| William K. Lowder | ) | Docket No. 2019-01-0122 |
| | ) | |
| v. | ) | State File No. 11383-2019 |
| | ) | |
| XPO Logistics Freight, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

---

### Vacated and Remanded

---

The employee, a delivery driver, alleged he developed hernias while lifting a pallet of materials being delivered to a customer. He received authorized medical treatment, was assigned work restrictions, and later claimed the employer had wrongfully delayed payment of temporary partial disability benefits, entitling him to a twenty-five percent penalty pursuant to Tennessee Code Annotated section 50-6-205(b)(3). The employer responded that the penalty requested by the employee was not available for temporary partial disability benefits. Disagreeing with cases decided by the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel, the trial court found that the employee was entitled to the requested penalty. The employer has appealed. We vacate the trial's court decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge Timothy W. Conner and Judge David F. Hensley joined.

Frederick W. Hodge, Nashville, Tennessee, for the employer-appellant, XPO Logistics Freight, Inc.

William K. Lowder, Hixson, Tennessee, employee-appellee, pro se

### Factual and Procedural Background

William Lowder ("Employee"), a resident of Hamilton County, Tennessee, was employed as a driver by XPO Logistics Freight, Inc. ("Employer"), when he developed abdominal hernias while delivering a shipment of solar panels to a customer on January 2, 2019. On January 24, 2019, Employee was evaluated by Ryan McNabb, a physician's

assistant, for complaints of abdominal pain. After a CT scan suggested a hernia, Mr. McNabb recommended Employee return to work on light duty. Employee continued to receive authorized medical treatment and was assigned work restrictions.

As pertinent to this appeal, Employee alleged that Employer failed to timely pay temporary partial disability benefits related to his inability to work full duty and, pursuant to Tennessee Code Annotated section 50-6-205(b)(3), sought a twenty-five percent penalty for the late payment of those benefits from January 24, 2019, through April 26, 2019.[1] Employer responded that section 50-6-205(b)(3) applied to temporary total disability benefits only and, therefore, Employee's request for a penalty should be denied.

The trial court granted Employee's request and assessed a penalty against Employer in the amount of $1,098.71, representing twenty-five percent of $4,394.82 in temporary partial disability benefits paid by Employer. In imposing the penalty, the trial court concluded that the Special Workers' Compensation Appeals Panel's interpretation of section 50-6-205(b)(3) in *Building Materials Corp. v. Coleman*, No. M2004-01829-WC-R3-CV, 2005 Tenn. LEXIS 1034 (Tenn. Workers' Comp. Panel Nov. 28, 2005) was incorrect and declined to follow its reasoning. The trial court explained that "this Court disagrees with the Panel because the clear statutory language reflects that it applies to 'temporary disability benefits' and does not limit that applicability to temporary total disability benefits only." The trial court, citing two other Appeals Panel cases, also disagreed "with the Panel's continued reliance upon the Supreme Court's" bad faith analysis, concluding instead that a showing of bad faith was not a prerequisite for imposing a penalty. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). The interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

---

[1] The temporary partial disability benefits in dispute have been paid and are not at issue in this appeal.

**Analysis**

Employer challenges the trial court's decision on three fronts. First, it contends the trial court erred in determining that penalties are available under Tennessee Code Annotated 50-6-205(b)(3) for the untimely payment of temporary partial disability benefits. Second, Employer asserts the trial court erred in finding that it acted in bad faith, assuming bad faith is the correct standard for imposing a penalty under the statute. Finally, Employer argues that the trial court incorrectly calculated the penalty imposed by assessing the penalty from the date of the injury rather than the date Employer became aware of Employee's disability.

Tennessee's workers' compensation statutes authorize a twenty-five percent penalty when an employer "fails to pay, or untimely pays, temporary disability benefits within twenty (20) days after the employer has knowledge of any disability that would qualify for benefits under this chapter." Tenn. Code Ann. § 50-6-205(b)(3)(A) (2018). The "penalty may be assessed as to all temporary disability benefits that are determined not to be paid in compliance" with the statute. *Id.*[2]

The Special Workers' Compensation Appeals Panel, in addressing section 50-6-205(b)(3), has stated that this statutory provision "imposes a penalty of 25 percent on unpaid *temporary total benefits only*." *Bldg. Materials Corp.*, 2005 Tenn. LEXIS 1034, at *12 (emphasis in original). In reaching this conclusion, the Appeals Panel determined that the statute does not authorize a penalty for failure to timely pay benefits for permanent partial disability and, accordingly, vacated the trial court's order awarding such benefits. *Id.* at *15. The Panel in *Building Materials* did not specifically address the applicability of the penalty to the late payment of temporary partial disability benefits, but did indicate the penalty applies to temporary total disability benefits only. The Supreme Court adopted the Panel's decision as its own.

In rejecting Employer's argument that section 50-6-205(b)(3) applies only to temporary total benefits, as observed by the court in *Building Materials*, the trial court in this case stated, "[r]espectfully, this Court disagrees with the Panel because the clear statutory language reflects that it applies to 'temporary disability benefits' and does not limit that applicability to temporary total disability benefits only." Thus, the trial court declined to follow the court's reasoning in *Building Materials* and imposed a penalty on Employer for the untimely payment of temporary partial disability benefits.

In addition to disagreeing with the Appeals Panel's decision in *Building Materials*, the trial court also disagreed with decisions of that court establishing that bad faith is

---

[2] Similarly, Tennessee Code Annotated section 50-6-118 authorizes the imposition of a penalty for, among other things, the "[w]rongful failure of an employer to pay an employee's claim for temporary total disability payments." Tenn. Code Ann. § 50-6-118(a)(13).

necessary to impose a penalty under section 50-6-205(b)(3). Specifically, referring to two cases, *Kyle v. State Farm Fire & Cas. Co.*, No. W2013-01505-WC-R3-WC, 2014 Tenn. LEXIS 702 (Tenn. Workers' Comp. Panel Oct. 2, 2014) and *Overton v. Regis Corp.*, No. M2007-00069-WC-R3-WC, 2008 Tenn. LEXIS 799 (Tenn. Workers' Comp. Panel Nov. 4, 2008), both of which were adopted by the Supreme Court, the trial court "disagree[d] with the Panel's continued reliance upon the Supreme Court's bad faith analysis" in cases involving section 50-6-205(b)(3). The trial court concluded, contrary to the Appeals Panel's decisions applying a bad faith standard, that bad faith "is no longer required in determining whether to assess a twenty-five percent penalty." *See also LaPradd v. Nissan North Am., Inc.*, No. M2014-01722-SC-R3-WC, 2016 Tenn. LEXIS 6 (Tenn. Workers' Comp. Panel Jan. 14, 2016) (concluding that the evidence did not demonstrate bad faith by Employer for purposes of a penalty under section 50-6-225(j)).

While judges sometimes disagree about how the law should be interpreted or applied, neither we nor the trial court may choose not to follow decisions of the Supreme Court or the Special Workers' Compensation Appeals Panel. The fact that a trial judge disagrees with the decisions of those courts, or may prefer a different analysis, is irrelevant. Instead, "[t]rial courts are required to adhere to and comply with the higher court's decision, even when they do not agree with it." *Earls v. Earls*, No. M1999-00035-COA-R3-CV, 2001 Tenn. App. LEXIS 353, at *9 (Tenn. Ct. App. 2001). The Supreme Court has explained the reason for this rule as follows:

> It is a controlling principle that inferior courts must abide [by] the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process. There would be no finality or stability in the law and the court system would be chaotic in its operation and unstable and inconsistent in its decisions.

*Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976). Thus, a lower court "has no authority to overrule or modify" the decisions of a higher court. *Id.*

Here, the trial court expressed its disagreement with decisions of the Appeals Panel and declined to follow the reasoning of those cases. This exceeded the trial court's authority. Accordingly, the trial court's order imposing a penalty is vacated and the case is remanded for the court to consider Employee's request for a penalty anew in light of the applicable case law. We express no opinion on the merits of the trial court's decision or the issues raised on appeal other than to suggest that if relevant case law cannot be distinguished on a principled basis, it must be followed.

4

## Conclusion

For the foregoing reasons, we vacate the decision of the trial court and remand the case for further proceedings consistent with this opinion. The parties shall bear their own costs on appeal.



| | | |
|---|---|---|
| William K. Lowder | ) | Docket No. 2019-01-0122 |
| | ) | |
| v. | ) | State File No. 11383-2019 |
| | ) | |
| XPO Logistics Freight, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 4th day of September, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| William K. Lowder | | | | X | klowder676@gmail.com |
| Frederick Hodge<br>Neil McIntire | | | | X | fhodge@howell-fisher.com<br>nmcintire@howell-fisher.com |
| Audrey A. Headrick, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov